## No. 789

### PHELPS v. FINDLAY BD. OF ED. et

Pending in Supreme Court on motion to certify record. Docketed Oct. 13, 1924, 2 Abs. 642.

**297. CONTRACTS—Are architectural services in making plans for school houses, under a private contract, in violation of statute?**

The City Board of Education (having a building fund of about $750,000 with which to construct three school buildings, entered into a private contract with its codefendant, a firm of architects, by which it agreed to give the latter relatively $35,000 to make plans and specifications for the investment of this fund, this being done without advertisement or competition in any form.

Conceiving this act and private contract to be in violation of 7623 and 2362 GC., particuuarly the latter, which seems to require competition in "each separate kind of mechanical labor-employment, or business entering into the improvement," the plaintiff, a taxpayer, filed his petition in equity to test the validity of this contract, and enjoin its performance.

The Court of Common Pleas sustained a general demurrer to the petition, holding in effect that architectural services and employment in making plans and specifications, being in their nature professional, did not come within the purview of this legislation.

The Court of Appeals affirmed the judgment of the Common Pleas, and the pending motion seeks to secure the view of the Supreme Court on the question of "The employment and business of architects."

Attorneys—Geo. H. Phelps, Findlay, for plaintiff; W. S. Smook, Findlay, and John G. Price, Columbus, for the City.

---

## No. 790

### STATE v. YEOMAN

#### No. 18803. Supreme Court

Motion for leave to file bill of exceptions to rulings of the Morrow Common Pleas, docketed Oct. 28, 1924, 2 Abs. 674; motion sustained, 2 Abs. 707.

**333. Criminal Laws—Inspection by accused of evidence submitted to grand jury.**

This case is a prosecution of the defendant Yoeman, under an indictment for murder by means of poison. Yoeman, by her attorney, filed a motion, asking the Common Pleas to direct the Prosecuting Attorney to permit her attorneys to inspect and make a copy of a certain paper writing urporting to be signed by Yoeman, and purporting to be an alleged confession of said Yoeman, the demand for said inspection having been made under 11552 GC. The said confession was a part of the evidence submitted by the prosecuting attorney to the grand jury of the county, that returned the indictment against Yoeman. The court sustained the motion and directed the prosecuting attorney to permit Yoeman to inspect and make a copy of said confession. To this holding the prosecuting attorney at the time excepted. Afterward the Common Pleas, upon the request of the prosecuting attorney, nollied the indictment.

The prosecuting attorney avers that the court errer in sustaining the motion, as 11552 GC. applies only to civil procedure, citing State v. Rhodes, 81 OS. 397.

---

## No. 791

### LONGBRAKE v. STATE

#### No. 18746. Supreme Court

Before the Supreme Court on motion to certify record, docketed Aug. 5, 1924, 2 Abs. 484.

**981. PURE FOOD LAWS—Sale of pop containing saccharine.**

In this case an affidavit was filed with John S. Pettit, a justice of the peace for Logan county, charging that Longbrake sold and delivered to one Stewart a certain quantity of bottled soft drink, other than non-alcoholic fruit juice, known as strawberry pop, which had and contained saccharine. After hearing the evidence, the justice found the defendant guilty, who thereupon filed his motion for a new trial, which was overruled, and the court sentenced him to pay a fine of $25 and costs. A bill of exceptions was prepared and approved, and filed, and the cause was thus taken to the Common Pleas, where the judgment was affirmed. Thereupon, Longbrake filed his petition in error in the Logan Appeals, which affirmed the judgment of the Common Pleas.

Longbrake has a store at Lakeview, Ohio, and among other things sells pop. Stewart, a state food inspector, called at the store, and purchased a bottle of pop. Stewart then took the bottle of pop to Columbus and submitted to to the state chemist, who examined it and found that it contained saccharine. Evidence was submitted at the trial that saccharine is harmless and not deleterious to health, if used in soft drinks. The prosecution founded on 1089-9 GC., which prohibit the use of saccharine in soft drinks.

The question is made by Langbrake as to the constitutionality of 1089-9 GC. and that it contravenes, is repugnant to and is violative of Art. 14, in amendment of the U. S. Constitution and of the provisions of Sec. I, Art. 1, and Sec. 19, Art 1, of the Ohio Constitution.

Attorneys—Mackenzie, Weadock, Mackenzie & Landis, Lima, for Longbrake; C. K. Campbell, Belle fontaine, for State.